N. R. Smith, Circuit Judge,
dissenting:
The Supreme Court unanimously reversed this court “for failing to accord required deference to the decision of a state court” in Harrington v. Richter, 562 U.S. 86, 92, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). Again, the majority here fails to accord the proper deference to the state court’s decision and seems to plead for the Supreme Court to once again unanimously reverse us. Therefore, I must dissent.
When a prisoner asks us to set aside a state court sentence due to ineffective assistance of counsel, we must give the state court’s decision double deference. Cullen v. Pinholster, 563 U.S. 170, 190, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011). At the first level of deference, we must give deference to the trial counsel’s “wide latitude ... in making tactical decisions.” Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing United States v. Decoster, 624 F.2d 196, 208 (D.C. Cir. 1976)). In order to establish ineffective assistance of counsel under Strickland, Espinoza has the burden to prove “that counsel’s performance was deficient” and “that the deficient performance prejudiced the defense.” Strickland, 466 U.S. at 687, 104 S.Ct. 2052. First, to establish deficient performance, Espinoza must show his “counsel’s representation fell below an objective standard of reasonableness.” Id. at 688, 104 S.Ct. 2052. We “must indulge a strong presumption that counsel’s conduct [fell] within the wide range of reasonable professional assistance; that is, [Espinoza] must overcome the presumption that, under the circumstances, the challenged action ‘might be considered sound trial strategy.’ ” Id. at 689, 104 S.Ct. 2052 (quoting Michel v. Louisiana, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)). Second, to establish that the deficient performance prejudiced the defense, Espinoza has to show “a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
At the second level of deference, we must give deference to the state court under AEDPA. Under this level of deference, “[t]he pivotal question is whether the state court’s application of the Strickland standard was unreasonable.” Harrington, 562 U.S. at 101, 131 S.Ct. 770. Thus, AED-PA demands that “a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court’s decision; and then it must ask whether it is possible fairmind-ed jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of’ the Supreme Court. Id. at 102, 131 S.Ct. 770. In fact, “[a] state court’s determination that a claim lacks merit precludes federal habeas relief so long as ‘fairminded jurists could disagree’ on the correctness of the state court’s decision.” Id. at 101, 131 S.Ct. 770 (emphasis added) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)).
The majority bypasses the first step of the Strickland analysis regarding counsel’s alleged deficient performance, because it claims there is “no evidence in the state court record to explain trial counsel’s behavior.” Wrong. The record contains sufficient evidence to establish counsel’s effective performance regarding witnesses, Escamilla and Rubio. The record estab *916 lishes counsel spoke with Escamilla and Rubio, and thus arguably had the opportunity to know what each would testify. Thus, counsel knew this testimony would contradict Espinoza’s testimony. This explains trial counsel’s decision not to call these witnesses at trial and aligns with our duty under Strickland to “indulge a strong presumption that counsel’s conduct ... might be considered sound trial strategy.” Strickland, 466 U.S. at 689, 104 S.Ct. 2052. It was Espinoza’s burden to present evidence to overcome the presumption that counsel’s decision was sound trial strategy, and he failed to do so. Therefore, we must give deference to counsel under Strickland. And, under the second level of deference, this trial strategy “could have supported the state court’s decision” to deny relief. Harrington, 562 U.S. at 102, 181 S.Ct. 770. Fairminded jurists could disagree on the correctness of the state court decision. In fact, the district court agreed with the state court’s determination. Therefore, under AEDPA, we are precluded from granting federal habeas relief.
The majority proceeds directly to the second step of the Strickland analysis and finds prejudice resulted from counsel’s actions. Wrong again. Even if the performance were deficient, Espinoza fails to meet his burden to demonstrate that counsel’s representation resulted in prejudice. The government had a strong case with overwhelming evidence that Espinoza maintained possession of the only gun at the scene and shot Arturo. For example, Ramon Rubio Rodriguez testified he witnessed Espinoza pointing a gun towards Arturo and shooting; Norma Alicia Soltero testified she witnessed Espinoza shooting a gun into the air and at Arturo’s feet; Evaelena Gallegos told the police she witnessed Espinoza holding a gun and walking towards Arturo; and Olivia Addison testified that Espinoza was the only individual she witnessed with a gun. All of this testimony was bolstered by Espinoza’s own admission that he possessed the only gun at the scene and that he maintained possession of this gun. Furthermore, Espinoza fled to Mexico and evaded arrest for roughly five years after the shooting. See id. at 113, 131 S.Ct. 770 (finding the state court was not unreasonable to conclude the defendant’s evidence of prejudice fell short of the Strickland standard in part because “[tjhere was ... sufficient conventional circumstantial evidence pointing to [the defendant’s] guilt”). Thus, in light of the circumstantial evidence and strength of the government’s case, even if counsel had called these witnesses at trial, there was not a “reasonable probability that ... the result of the proceeding would have been different.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052. Under the second level of deference to the state court, the circumstantial evidence ancl strength of the government’s case could have supported the state court’s decision. Fairminded jurists could disagree on the correctness of the state court decision. Therefore, under AEDPA, we are precluded from granting federal habeas relief.
We review for abuse of discretion the district court’s denial of an evidentiary hearing based on AEDPA standards. Earp v. Ornoski, 431 F.3d 1158, 1166 (9th Cir. 2005). An evidentiary hearing “is required if: ‘(1) [the defendant] has alleged facts that, if proven, would entitle him to habeas relief, and (2) he did not receive a full and fair opportunity to develop those facts.’” Id. at 1167 (alteration in original) (quoting Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004)). Here, Espinoza failed to allege facts that, if proven, would entitle him to habeas relief. Therefore, the district court did not abuse its discretion in denying him an evidentiary hearing. See Earp, 431 F.3d at 1166-67.